## UNITED STATES v. BLACK et al.
### No. 12258.

Circuit Court of Appeals, Fifth Circuit.
April 1, 1948.

A. Devitt Vanech, Asst. Atty. Gen., Robert P. Marquis and Wilma C. Martin, Attys., Department of Justice, all of Washington, D. C., and Stuart W. Patton, Sp. Atty., Lands Division, of Miami, Fla., for appellant.

Arnold A. Ross, of Miami, Fla., for appellees.

Before SIBLEY, WALLER, and LEE, Circuit Judges.

LEE, Circuit Judge.

This is an appeal from an order of the District Court for the Southern District of Florida granting a petition for restoration to the owners, appellees here, of 120 acres of land, the use of which was condemned by the War Department in July of 1944. The land was taken to be used as a part of the Miami Army Air Base and was condemned for a period of years ending June 30, 1945, and extendable for yearly periods thereafter during the national emergency, at the election of the Government.[1] The estate taken was renewed annually through June 30, 1947, and on May 21, 1947, within the time required, the United States filed notice of renewal for a period ending June 30, 1948, and deposited with the court the required rental. The deposit was refused, and in August of 1947, the owners demanded restoration on the grounds (1) that on December 28, 1945, the Congress terminated the authority of the United States to acquire property or any use thereof or interest therein; (2) that the entire Second War Powers Act 50 U.S.C.A.Appendix, § 631, et seq., was repealed as of March 31, 1947, and hence there could be no renewal after that date. Holding that the entire Second War Powers Act was repealed as of March 31, 1947, and that with the repeal of the Act itself there could thereafter be no exercise of any right granted by it, the court cancelled the renewal notice filed by the Government and ordered the property restored to the owners. This appeal followed. The sole question before us is the correctness of the lower court's ruling.

The Government contends (1) that the right of renewal continued in it for the duration of the national emergency, and that the repeal of the Second War Powers Act terminated only its right to acquire property, the use thereof, or an interest therein, but did not affect its power to renew, a right it acquired in the condemnation proceeding; (2) that the right to renew acquired in the condemnation pro-

---

[1] The proceeding under which the property was condemned was instituted at the request of the Secretary of War under the provisions of the Act of August 18, 1890, 26 Stat. 316, as amended by the Act of July 2, 1917, 40 Stat. 241, Apr. 11, 1918, 40 Stat. 518, 50 U.S.C.A. § 171, and the second War Powers Act of March 27, 1942, 56 Stat. 177, Title II, § 201, 50 U.S.C.A. § 171a, 50 U.S.C.A. Appendix, § 632. The jury fixed full compensation for the temporary use and occupancy of the property for the period ending June 30, 1945, in the sum of $1400, and compensation for each succeeding year that the United States of America elected to renew its right to the temporary use and occupancy of the said premises in the sum of $700 per year for the duration of the existing national emergency.

ceeding was acquired under authority vested in the Secretary of War by the Act of July 2, 1917, and the Second War Powers Act, and that, if the latter Act was held to have abated as of March 31, 1947, still the Secretary of War had power to exercise that right under the Act of July 2, 1917.

■ We rest our decision upon the second ground. The pertinent parts of the Act of July 2, 1917, 50 U.S.C.A. § 171; of Title II of the Second War Powers Act of March 27, 1942, 50 U.S.C.A. § 171a; 50 U.S.C.A.Appendix, § 632; of the Act of December 28, 1945, 50 U.S.C.A.Appendix, § 632a; and of the Act of June 29, 1946, 60 Stat. 345, 50 U.S.C.A.Appendix, § 645, are set forth in the margin.[2]

Under the Act of July 2, 1917, the Secretary of War was authorized to cause to be instituted in the name of the United States in any court having jurisdiction, proceedings for the acquirement by condemnation of any land, temporary use thereof, or other interest therein, or right pertaining thereto, needed for a site for military purposes. Title II of the Second War Powers Act, while naming the Secretary of War among those authorized, chiefly granted an extension of the power of condemnation to "the Secretary of the Navy, or any other officer, board, commission, or governmental corporation authorized by the President." With respect to the condemnation before us, the authority of the Secretary of War under the 1917 Act was as broad as the authority of the Secretary of War under Title II, Second War Powers Act.

By the Act of December 28, 1945, it was provided that the authority to acquire property or any use thereof or interest therein under Title II of the Second War Powers Act, should not be exercised after

2 Act of July 2, 1917:

"The Secretary of War may cause proceedings to be instituted in the name of the United States, in any court having jurisdiction of such proceedings for the acquirement by condemnation of any land, temporary use thereof or other interest therein, or right pertaining thereto, needed for the site, location, construction, or prosecution of works for fortifications, coast defenses, military training camps, and for the construction and operation of plants for the production of nitrate and other compounds and the manufacture of explosives and other munitions of war and for the development and transmission of power for the operations of such plants; such proceedings to be prosecuted in accordance with the laws relating to suits for the condemnation of property of the States wherein the proceedings may be instituted: * * *."

Act of March 27, 1942:

"Sec. 201. The Act of July 2, 1917 (40 Stat. 241), entitled 'An Act to Authorize condemnation proceedings of lands for military purposes,' as amended, is hereby amended by adding at the end thereof the following section:

"Sec. 2. The Secretary of War, the Secretary of the Navy, or any other officer, board, commission, or governmental corporation authorized by the President, may acquire by purchase, donation, or other means of transfer, or may cause proceedings to be instituted in any court, having jurisdiction of such proceedings, to acquire by condemnation, any real property, temporary use thereof, or other interest therein, together with any personal property located thereon or used therewith, that shall be deemed necessary, for military, naval, or other war purposes, such proceedings to be in accordance with the Act of August 1, 1888 (25 Stat. 357), or any other applicable Federal statute, and may dispose of such property or interest therein by sale, lease, or otherwise, in accordance with section 1(b) of the Act of July 2, 1940 (54 Stat. 712). * * * * "

Act of December 28, 1945:

"That (a) title II of the Second War Powers Act, 1942, as amended, is amended by adding thereto the following section:

"Sec. 202. The Authority to acquire property, or any use thereof or interest therein, granted by section 2 of such Act of July 2, 1917, shall not be exercised after the date upon which this section becomes effective."

Act of June 29, 1946:

" * * * Titles I, II, IV, V, VII, and XIV of this Act, and the amendments to existing law made by any such title, shall remain in force only until March 31, 1947, or until such earlier time as the two Houses of Congress by concurrent resolution, or the President may designate, * * * and after such amendments cease to be in force any provision of law amended thereby shall be in full force and effect as though this Act had not been enacted; but no court proceedings brought under any such title shall abate by reason of the termination hereunder of such title." (Emphasis supplied.)

the date upon which the 1945 Act became effective, and in the Act it was provided that the provisions of Title II should remain in force until June 30, 1946, or such earlier time as Congress by concurrent resolution, or the President, might designate. Under the Act of December 28, 1945, the right to acquire property under the Second War Powers Act or any use thereof or interest therein terminated on June 30, 1946, in the absence of action by Congress or the President. However, on June 29, 1946, one day before termination, Congress passed the Act of that date, providing that Title II should remain in force until March 31, 1947, unless Congress by concurrent resolution, or the President, should designate an earlier date. The effect of the Act of June 29, 1946, was to continue in force Title II of the Second War Powers Act of 1942, beyond June 30, 1946, to March 31, 1947. As has been pointed out, Title II of the Second War Powers Act conferred no power upon the Secretary of War with respect to the condemnation before us which he did not enjoy under the Act of July 2, 1917. Nor was his power under the 1917 Act affected by the repeal of Title II of the Second War Powers Act. This is made clear in the Act of June 29, 1946, for it provides:

"* * * after such amendments [Title II of the Second War Powers Act was an amendment to the Act of July 2, 1917,] cease to be in force, any provision of law amended thereby [that is, the Act of July 2, 1917,] shall be in full force and effect as though this Act [Second War Powers Act] had not been enacted."

The repeal, therefore, of Title II of the Second War Powers Act by the Act of June 29, 1946, effective March 31, 1947, left unimpaired the Act of July 2, 1917, and since the 120 acres in this case was condemned under that Act as well as under the Second War Powers Act, it follows that the renewal notice together with the deposit with the court of the required rental, extended the rights of the United States under the condemnation proceeding to and including June 30, 1948.

The contention of appellees that no consideration was paid in the condemnation proceeding for the right of renewal, if it had merit, comes too late.

The order cancelling and terminating the notice of renewal and ordering the property restored to appellees is reversed and set aside, and the cause is remanded with instructions to dismiss the petition for restoration of the property.